CUÉLLAR, J.,
Concurring.—A core premise of our legal system, grounded in our basic charters of governance, is that society distinguishes between juveniles and adults who commit crimes. (E.g., Miller v. Alabama (2012) 567 U.S. 460, 471 [183 L.Ed.2d 407, 132 S.Ct. 2455, 2464] (Miller) [‘‘children are constitutionally different from adults for purposes of sentencing”]; see Manduley v. Superior Court (2002) 27 Cal.4th 537, 548 [117 Cal.Rptr.2d 168, 41 P.3d 3] [discussing differential treatment of juveniles and adults].) We draw such a distinction not only in the general domain of criminal sentencing, but in the specific context of the death penalty. (E.g., Roper v. Simmons (2005) 543 U.S. 551 [161 L.Ed.2d 1, 125 S.Ct. 1183] (Roper) [federal Const, precludes a death sentence for individuals who committed their crimes when under the age of 18]). In light of the lines courts have drawn to distinguish between juvenile and adult conduct for sentencing purposes—and, in particular, the limitations on imposition of the death penalty for conduct an individual committed as a juvenile—defendant Magdaleno Salazar argues that the Eighth Amendment to the United States Constitution bars imposition of the death penalty in this case. Specifically, he claims that the federal *258 Constitution prohibits use of his prior juvenile murder conviction as the sole basis for the special circumstance that made his first degree murder punishable by death.
The majority opinion rejects this argument. Although I concur with this conclusion, I write separately to address certain aspects of this claim and explain why the question is a close one.
A court or jury may consider a defendant’s prior murder, even if committed when defendant was a minor, as an aggravating circumstance. (People v. Bivert (2011) 52 Cal.4th 96, 122-123 [127 Cal.Rptr.3d 261, 254 P.3d 300], and cases cited therein.) What defendant contends is that use of his prior juvenile murder conviction for the eligibility determination is different. It is, in some respects, since the purpose of eligibility factors is to narrow the universe of individuals punishable by death. (See Romano v. Oklahoma (1994) 512 U.S. 1, 7 [129 L.Ed.2d 1, 114 S.Ct. 2004].) In Roper, supra, 543 U.S. at page 569, the United States Supreme Court held that individuals who are under 18 when they commit murder “cannot with reliability be classified amongst the worst offenders” who deserve execution. The court identified three differences between juveniles and adults in support of this conclusion. First, juveniles’ immaturity and lesser sense of responsibility often result in “ ‘impetuous and ill-considered actions and decisions.’ ” (Ibid.) Second, juveniles are more vulnerable to negative influences and outside pressures. (Ibid.) Third, juveniles have character traits that tend to be more malleable, and may prove less accurate as portents of future conduct. (Id. at p. 570.) In light of these differences, the court concluded that juveniles are categorically less culpable than adults. (Id. at p. 561.)
Defendant urges us to build on this foundation. It is impossible, he claims, to reconcile two conclusions: that such differences make juveniles categorically less culpable than adults, and that a court may nonetheless rely on a juvenile offense to establish a defendant’s eligibility for a death sentence. Indeed, it is “analytically incoherent,” defendant contends, to conclude that conduct presumed to be less culpable because it was committed during his youth (see Roper, supra, 543 U.S. at p. 569) could nevertheless establish a special circumstance, thereby making it possible for him to receive the death penalty. If a juvenile offender is categorically less culpable than an adult offender committing an equivalent offense, defendant questions how the Eighth Amendment permits an offense committed by a juvenile to play precisely the same role in constituting the basis for a special circumstance as an offense committed by an adult.
In light of the high court’s decisions concerning the punishment of juvenile offenders (e.g., Miller, supra, 567 U.S. 460 [132 S.Ct. 2455] [8th Amend. *259 forbids mandatory life imprisonment without possibility of parole (LWOP) sentences for murder committed by a juvenile]; Graham v. Florida (2010) 560 U.S. 48 [176 L.Ed.2d 825, 130 S.Ct. 2011] [8th Amend, forbids LWOP sentences for nonhomicide crimes committed by juveniles]; Roper, supra, 543 U.S. 551), I find the question to be a difficult one. There is at least some tension between our jurisprudence concerning the culpability of juveniles (see, e.g., People v. Gutierrez (2014) 58 Cal.4th 1354, 1375 [171 Cal.Rptr.3d 421, 324 P.3d 245]; People v. Caballero (2012) 55 Cal.4th 262, 266 [145 Cal.Rptr.3d 286, 282 P.3d 291]) and the idea that a murder committed by a juvenile is no different from any other murder for purposes of applying the relevant special circumstance here. (Pen. Code, § 190.2, subd. (a)(2); subsequent unlabeled statutory references are to the Penal Code.) Moreover, the relevant analysis of defendant’s claim turns not only on what is rational for a Legislature to conclude, but also on what constitutes permissible punishment under the Eighth Amendment. For example, it might conceivably be “rational” for the Legislature to conclude that juveniles who commit multiple murders should receive mandatory LWOP sentences—but that is a scheme the Eighth Amendment plainly forbids. (Miller, supra, 567 U.S. 460 [132 S.Ct. 2455].)
By embracing defendant’s claim, we would perforce embrace the conclusion that there is no way to reconcile the Legislature’s approach to special circumstances with the requirements of the Eighth Amendment. What nonetheless seems quite relevant to the inquiry—and cuts against defendant’s argument—is that section 190.2, subdivision (a)(2) does serve to narrow the class of individuals eligible for imposition of the death penalty. Under this statutory provision, a narrower class of individuals is eligible for capital punishment relative to the full range of individuals who commit a first degree murder—and even relative to individuals who previously committed a murder as juveniles. The latter narrowing occurs under section 190.2, subdivision (a)(2) because only juvenile murders that result in criminal convictions, rather than juvenile adjudications, satisfy the special circumstance. (§ 190.2, subd. (a)(2) [requiring that defendant previously was “convicted” of first or second degree murder]; In re W.B. (2012) 55 Cal.4th 30, 43 [144 Cal.Rptr.3d 843, 281 P.3d 906] [juvenile adjudication is not a conviction].) The distinctions drawn in application of the special circumstance reflect an aspect of the legislative design that is not plainly ruled out by the Eighth Amendment. (Coker v. Georgia (1977) 433 U.S. 584, 592 [53 L.Ed.2d 982, 97 S.Ct. 2861] [describing the circumscribed scope of 8th Amend, review].) Defendant is right that special circumstances and aggravating factors serve different functions. (Tuilaepa v. California (1994) 512 U.S. 967, 971-972 [129 L.Ed.2d 750, 114 S.Ct. 2630].) Yet ultimately, defendant’s argument fails to *260 distinguish sufficiently between the permissible use of his prior juvenile murder as an aggravating circumstance and its allegedly improper use as a special circumstance.
Appellant’s petition for a rehearing was denied August 10, 2016.